IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PFLAG, INC., *et al.*,<br><br>   *Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>   *Defendants*. | Civil Action No. BAH-25-337 |

**[PROPOSED] ORDER ON PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

This matter is before the Court on the emergency motion of Plaintiffs for a temporary restraining order against the enforcement and implementation of Section 3(g) of Executive Order No. 14,168, *Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government* (the "the Gender Identity Order") and Section 4 of Executive Order No. 14,187, *Protecting Children from Chemical and Surgical Mutilation* (the "Denial of Care Order") (together the "Executive Orders"), and from otherwise withholding federal funding based on the fact that a healthcare entity or health professional provides gender affirming medical care, including any healthcare institution from which the Individual Plaintiffs, members of Plaintiff PFLAG, and patients of health professional members of Plaintiff GLMA receive gender-affirming medical care, or at which health professional members of Plaintiff GLMA conduct federally-funded work. Having considered the motion, the memorandum in support, and the record in this case, and having otherwise been fully advised, the Court finds there is good cause to **GRANT** the motion and hereby **ORDERS** as follows:

The Court may issue a temporary restraining order when a plaintiff establishes that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Court finds that Plaintiffs have carried their burden to satisfy each of those factors and that immediate relief is appropriate.

Therefore, it is hereby **ORDERED** that Plaintiffs' Emergency Motion for a Temporary Restraining Order is **GRANTED**. It is further **ORDERED** that Defendants U.S. Department of Health and Human Services ("HHS"), Acting HHS Secretary Dorothy A. Fink, Health Resources and Services Administration ("HRSA"), HRSA Principal Deputy Diana Espinosa, National Institutes of Health ("NIH"), and Acting NIH Director Matthew J. Memoli, any subagencies of Defendant HHS, their officers, agents, successors, servants, employees, and attorneys, and any other persons who are in active concert or participation with them, are **RESTRAINED** from: (1) enforcing, implementing, or applying Section 3(g) of the Gender Identity Order; (2) enforcing, implementing, or applying Section 4 of the Denial of Care Order; or (3) otherwise conditioning or withholding federal funding based on the fact that a healthcare entity or health professional provides gender affirming medical care to a patient under nineteen, including any healthcare institution from which the Individual Plaintiffs, members of Plaintiff PFLAG, and patients of health professional members of Plaintiff GLMA receive gender affirming medical care, or at which health professional members of Plaintiff GLMA conduct federally-funded work.

It is further **ORDERED** that the security requirement is hereby waived because Defendants will not suffer any costs from the preliminary injunction and imposing a security requirement

would pose a hardship for Plaintiffs. *See* FED. R. CIV. P. 65(c); *Pashby v. Delia*, 709 F.3d 307, 332 (4th Cir. 2013).

Dated this \_\_\_\_\_ day of _____, 2025   BY THE COURT:

                    _____