IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| PFLAG, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:25-cv-337 |
| ) | |
| DONALD J. TRUMP, in his official capacity as ) | |
| President of the United States, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' CONDITIONAL MOTION TO CLARIFY TEMPORARY RESTRAINING ORDER

Defendants respectfully present this conditional motion to clarify the Court's temporary restraining order entered on February 13, 2025, *see* Order, ECF No. 61.

The injunctive relief provided in the second paragraph of the Court's Order is limited to the agency defendants. It restrains "Defendants U.S. Department of Health and Human Services ('HHS'), Acting HHS Secretary Dorothy A. Fink, Health Resources and Services Administration ('HRSA'), HRSA Principal Deputy Diana Espinosa, National Institutes of Health ('NIH'), Acting NIH Director Matthew J. Memoli, National Science Foundation ('NSF'), NSF Director Sethuraman Panchanathan, and any subagencies of Defendant HHS, their officers, agents, successors, servants, employees, and attorneys, and any other persons who are in active concert or participation with them," from "conditioning or withholding federal funding based on the fact that a healthcare entity or health professional provides gender affirming medical care to a patient under the age of nineteen under Section 3(g) of Executive Order 14168 and Section 4 of

Executive Order 14187."[1]  Order at 1.

The third paragraph of the order could be read to extend more broadly.  It requires Defendants to "provide written notice of the Court's temporary restraining order to *all agencies to which the Executive Orders were addressed*."  Order at 2 (emphasis added).  It further directs that "[t]he written notice shall instruct *those agencies* that they may not take any steps to implement, give effect to, or reinstate under a different name the directives in Section 3(g) of Executive Order 14168 or Section 4 of Executive Order 14187."  *Id*. (emphasis added).  And it similarly states that "[t]he written notice shall also instruct *those agencies* to release any disbursements on funds that were paused due to the Executive Orders."  *Id*. (emphasis added).  This paragraph could be read to require Defendants to provide notice of the temporary restraining order to agencies that are not defendants in this case (or subagencies of Defendant HHS) and that are not otherwise restrained under the injunctive relief provided in the second paragraph of the Court's order.

Defendants do not believe the Court intended that result.  HHS and its subagencies, as well as NSF, are the only agency defendants named in this case.  Plaintiffs' proposed temporary restraining order—which was filed before NSF was added as a defendant—was limited to enjoining HHS, its subagencies, their officers, agents, successors, servants, employees, and attorneys, and any other persons who are in active concert or participation with them. [Proposed] Order on Pls.' Emergency Mot. for TRO, ECF No. 35-2.  And the injunctive relief the Court provided in the second paragraph of its Order likewise clearly extends only to HHS and its subagencies, NSF, and their officers, agents, successors, servants, employees, and attorneys, and

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Robert F. Kennedy, Jr., Secretary of Health and Human Services, is automatically substituted as a defendant in his official capacity for his predecessor, Dorothy Fink.

any other persons who are in active concert or participation with them. Thus, Defendants understand the third paragraph of the Order to require written notice to HHS and its subagencies, as well as NSF, but no other agencies.

To ensure that they are not inadvertently running afoul of the Court's Order, however, Defendants respectfully request clarification from the Court if their understanding of the scope of the Court's Order is incorrect.[2]

Dated: February 14, 2025

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General
Civil Division

MICHELLE BENNETT
Assistant Director
Federal Programs Branch

*/s/ Vinita B. Andrapalliyal*
VINITA B. ANDRAPALLIYAL
Senior Counsel
CHRISTIAN S. DANIEL
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.:   (202) 514-0265
vinita.b.andrapalliyal@usdoj.gov
christian.s.daniel@usdoj.gov
*Counsel for Defendants*

---

[2] Defendants conferred with Plaintiffs regarding this motion, and Plaintiffs indicated they "don't take any position on the clarification motion and will reserve our response until we see it."