IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PFLAG, INC., et al., <br>     *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br>     *Defendants*. | Civil Action No. BAH-25-337 |

**PLAINTIFFS' MOTION TO EXTEND TEMPORARY RESTRAINING ORDER**

Plaintiffs PFLAG, Inc. and GLMA: Health Professionals Advancing LGBTQ+ Equality ("GLMA") (collectively, the "Member Organization Plaintiffs"); Gabe Goe, by and through his parent and next friend George Goe; George Goe; Bella Boe, by and through her parent and next friend Bruce Boe; Bruce Boe; Cameron Coe, by and through their parent and next friend Claire Coe; Claire Coe; Robert Roe, by and through his parent and next friend Rachel Roe; Rachel Roe; Lawrence Loe; and Dylan Doe (collectively, the "Individual Plaintiffs") hereby move the Court to extend the Order Granting Plaintiffs' Motion for a Temporary Restraining Order ("TRO") (Dkt. 61) entered in the above-captioned case against Defendants U.S. Department of Health and Human Services ("HHS"); Robert F. Kennedy, Jr., in his official capacity as Secretary of HHS; the Health Resources and Services Administration ("HRSA"); Diana Espinosa, in her official capacity as Principal Deputy Administrator of HRSA; the National Institutes of Health ("NIH"); Matthew J. Memoli, in his official capacity as Acting NIH Director; the National Science Foundation ("NSF"); and Sethuraman Panchanathan, in his official capacity as Director of NSF.

In support of their request, Plaintiffs respectfully state as follows:

1. On February 4, 2025, Plaintiffs filed a Complaint (Dkt. 1) in the above-captioned matter.

2. Plaintiffs filed an Emergency Motion for Temporary Restraining Order on February 5, 2025. (Dkt. 35.)

3. On February 11, 2025, Plaintiffs filed an Amended Complaint. (Dkt. 53.)

4. On February 13, 2025, after a hearing on Plaintiffs' Motion for a Temporary Restraining Order, Judge Brendan Hurson entered the TRO against Agency Defendants, finding that irreparable injury, loss, or damage would result to Plaintiffs unless Agency Defendants were immediately restrained from conditioning or withholding federal funding based on the fact that a healthcare entity or health professional provides gender affirming medical care to a patient under the age of nineteen under Section 3(g) of Executive Order 14,168 and Section 4 of Executive Order 14,187. (Dkt. 61.)

5. The Court issued a memorandum opinion to further explain the Court's reasoning for entering the TRO on February 14, 2025. (Dkt. 62.)

6. The TRO ordered that it would remain in effect until fourteen days after entry of the Order and ordered the parties to file a status report by February 18, 2025 with a briefing schedule for a motion for preliminary injunction.

7. On February 18, 2025, the parties filed a joint status report proposing briefing schedules on Plaintiffs' forthcoming motion for a preliminary injunction. (Dkt. 68.)

8. Plaintiffs proposed the following schedule under which the TRO would be extended by 14 days to Thursday, March 13, 2025:

- Preliminary injunction motion filed on Tuesday, February 18.
- Government's opposition due on Friday, February 28.
- Plaintiffs' reply due on Friday, March 7.

- Hearing on or before Thursday, March 13, if the Court decides a hearing is needed.

9. Defendants opposed an extension of the TRO and proposed the following briefing schedule:

- Preliminary injunction motion filed on Tuesday, February 18.
- Government's opposition due by 12:00 pm ET on Tuesday, February 25.
- Plaintiffs' reply due by 6:00 pm ET on Wednesday, February 26.

10. Defendants also stated they did not believe that a hearing on Plaintiffs' preliminary injunction motion is necessary and accordingly did not request a hearing.

11. Plaintiffs filed their Motion for a Preliminary Injunction on February 18, 2025. (Dkt. 69.)

12. The TRO is currently set to expire on Thursday, February 27, 2025.

13. Pursuant to Federal Rule of Civil Procedure 65(b)(2), a TRO "expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." "The reasons for an extension must be entered in the record." *Id.*

14. Should the Court be inclined to enter the longer briefing schedule set forth in paragraph 8 above, there is good cause for the Court to extend the TRO by two weeks. As set forth in Plaintiffs' motion for a preliminary injunction, there remains the threat of irreparable injury, loss, or damage that will result to Plaintiffs, the organizational Plaintiffs' members, and transgender people under 19 across the country if Defendants are not restrained from conditioning, withholding, or terminating federal funding based on the fact that a healthcare entity or health professional provides gender affirming medical care to a patient under the age of nineteen under Section 3(g) of Executive Order 14,168 and Section 4 of Executive Order 14,187 before entry of a preliminary injunction. Indeed, the Court has already found that absent temporary injunctive

relief, Plaintiffs "will face irreparable harm if the challenged portions of the Executive Orders are not enjoined both because they have shown a strong likelihood of success on their constitutional claims, but also because they have provided unassailable documentation that they are suffering from diminished access to high-quality health care suited to their needs." (Dkt. 62 at 2 (cleaned up).)

15. Moreover, as the Court has already also found, "there is a very strong likelihood that Plaintiffs will succeed on the merits of all three claims that are the subject of their motion for a TRO. The challenged provisions of the Executive Orders place conditions on federal funding that Congress did not prescribe," and "Plaintiffs are likely to succeed on their claims related to discrimination." (Dkt. 62 at 2.)

16. "Finally, the balance of equities and the public interest weigh in favor of a [extending the TRO] as Defendants are not harmed by a prohibition that maintains the status quo and enjoins the enforcement of restrictions likely to be found unconstitutional." *Id.*

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court extend the Temporary Restraining Order for fourteen days from the date of its original expiration, until Thursday, March 13, 2025.

Dated: February 21, 2025                                                                  Respectfully submitted,

*/s/ Omar Gonzalez-Pagan*

Joshua Block*
Harper Seldin*
Chase Strangio*
Alexandra R. Johnson*
**American Civil Liberties Union
  Foundation**
125 Broad Street, Floor 18
New York, NY 10004
Telephone: (212) 549-2500
Facsimile: (212) 549-2650

Omar Gonzalez-Pagan*
Jennifer C. Pizer*
**Lambda Legal Defense
  and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY 10005
Telephone: (212) 809-8585
Facsimile: (855) 535-2236

4

jblock@aclu.org
hseldin@aclu.org
cstrangio@aclu.org
a.johnson@aclu.org

Deborah A. Jeon (Fed. Bar No. 06905)
Zoe M. Ginsberg (Fed. Bar No. 30727)
**American Civil Liberties Union
  Foundation of Maryland**
3600 Clipper Mill Road, Suite 200
Baltimore, MD 21211
Telephone: (410) 889-8555
Facsimile: (410) 366-7838
jeon@aclu-md.org
zginsberg@aclu-md.org

Catherine E. Stetson\*\*
Danielle Desaulniers Stempel (Fed. Bar No. 20501, Renewed 1/31/25)
Kristina Alekseyeva\*
Sam H. Zwingli\*
**Hogan Lovells US LLP**
555 13th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5491
Facsimile: (202) 637-5910
cate.stetson@hoganlovells.com
danielle.stempel@hoganlovells.com
kristina.alekseyeva@hoganlovells.com
sam.zwingli@hoganlovells.com

ogonzalez-pagan@lambdalegal.org
jpizer@lambdalegal.org

Karen L. Loewy\*
**Lambda Legal Defense
  and Education Fund, Inc.**
815 16th Street NW, Suite 4140
Washington, DC 20006
Telephone: (202) 804-6245
Facsimile: (855) 535-2236
kloewy@lambdalegal.org

Nora Huppert\*
**Lambda Legal Defense
  and Education Fund, Inc.**
65 E. Wacker Place, Suite 2000
Chicago, IL 60601
Telephone: (312) 605-3233
Facsimile: (855) 535-2236
nhuppert@lambdalegal.org

Jackson Skeen\*\*\*
**Hogan Lovells US LLP**
125 High Street
Suite 2010
Boston, MA 02110
Telephone: (617) 702-7747
Facsimile: (617) 371-1037
jackson.skeen@hoganlovells.com

*Attorneys for Plaintiffs*

*\*Application for admission pro hac vice granted.*
*\*\*Application for admission forthcoming.*
*\*\*\*Application for admission pro hac vice granted and admitted only in D.C. Supervised by principals of the firm admitted in Massachusetts.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed using the Court's CM/ECF system. Service was effected by and through the Court's CM/ECF system.

Dated: February 21, 2025                                              */s/ Omar Gonzalez-Pagan*
                                                                     Omar Gonzalez-Pagan