UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PFLAG, INC., et al., | ) |
|    *Plaintiffs*, | ) ) ) |
| v. | )  Civil Action No. 8:25-cv-337-BAH ) |
| DONALD J. TRUMP, in his official capacity as President of the United States, et al., | ) ) ) |
|    *Defendants.* | ) |

**MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* DO NO HARM, INC.**

  Pursuant to Local Rule 105.12, proposed *amicus curiae* Do No Harm, Inc., respectfully requests leave to file an *amicus* brief in support of Defendants' forthcoming opposition to Plaintiffs' motion for a preliminary injunction. In support of this motion, Do No Harm states the following:

  1. "[T]he movant's interest." Local Rule 105.12(b)(1). Do No Harm is a nonprofit membership organization that includes over 10,000 physicians, nurses, medical students, patients, and policymakers. It is committed to ensuring that the practice of medicine is driven by scientific evidence rather than ideology. To that end, Do No Harm has submitted *amicus* briefs in multiple courts regarding the medical and surgical interventions at issue in this case, including *United States v. Skrmetti*, No. 23-477 (U.S.); *Poe v. Drummond*, No. 23-5110 (10th Cir.); and *Dekker v. Weida*, No. 4:22-cv-325-RH-MAF (N.D. Fla.). In addition, Do No Harm created a database tracking the number of minors who have been subjected to the interventions at issue here. *See Do No Harm Launches First National Database Exposing the Child Trans Industry*, DO NO HARM (Oct. 8, 2024), https://bit.ly/4f2AJPt. Therefore, the issues being litigated in this case are central to part of Do No Harm's mission.

1

2. "[W]hy an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Local Rule 105.12(b)(2). Do No Harm's proposed *amicus* brief would be helpful to the Court because it outlines the practice of evidence-based medicine, explains how the principles of evidence-based medicine demonstrate that the interventions at issue are not supported by reliable medical evidence, and assesses particular medical and scientific assertions made in Plaintiffs' motion for a preliminary injunction. These matters are relevant to the disposition of the case because Plaintiffs contend that the challenged policies are subject to heightened scrutiny under the Equal Protection Clause, which is an inquiry that would potentially turn in part on the scientific evidence regarding the interventions at issue.

3. "[W]hich party's filing the brief supports." Local Rule 105.12(b)(3). Do No Harm's proposed *amicus* brief supports Defendants' forthcoming opposition to Plaintiffs' motion for a preliminary injunction.

4. "[W]hether a party's counsel authored the brief in whole or part." Local Rule 105.12(b)(4). No party's counsel authored, in whole or in part, Do No Harm's proposed *amicus* brief.

5. "[W]hether a party or its counsel contributed money to fund the preparation and/or submission of the brief." Local Rule 105.12(b)(5). No party's counsel contributed money to fund the preparation and/or submission of Do No Harm's proposed *amicus* brief.

Do No Harm therefore respectfully requests that the Court grant its motion to file its proposed *amicus* brief, a copy of which has been submitted with this motion.

Dated: February 25, 2025

Respectfully submitted,

<u>/s/ Nicole J. Moss</u>
David H. Thompson*
Brian W. Barnes*
Nicole J. Moss (Bar No. 20222)
John D. Ramer*
Cooper & Kirk, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
(202) 220-9600
dthompson@cooperkirk.com


* *Pro Hac Vice* pending

*Counsel for* Amicus Curiae *Do No Harm, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of February 2025, I electronically filed the foregoing document with the Clerk of the United States District Court using the CM/ECF system, which will send notification of such filing to all parties who are registered with the CM/ECF system.

DATED this 25th day of February 2025.

*/s/ Nicole J. Moss*
Nicole J. Moss
