IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PFLAG, INC., et al.,<br>  *Plaintiffs*,<br><br>      v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br>  *Defendants*. | Civil Action No. BAH-25-337 |

**PLAINTIFFS' EMERGENCY MOTION TO ENFORCE PRELIMINARY INJUNCTION**

  Plaintiffs PFLAG, Inc., and GLMA: Health Professionals Advancing LGBTQ+ Equality ("GLMA") (collectively, the "Member Organization Plaintiffs"); Gabe Goe, by and through his parent and next friend George Goe; George Goe; Bella Boe, by and through her parent and next friend Bruce Boe; Bruce Boe; Cameron Coe, by and through their parent and next friend Claire Coe; Claire Coe; Robert Roe, by and through his parent and next friend Rachel Roe; Rachel Roe; Lawrence Loe; and Dylan Doe (collectively, the "Individual Plaintiffs") hereby move the Court, pursuant to Federal Rule of Civil Procedure 65, for the issuance of an order enforcing the preliminary injunction the Court issued on March 4, 2025 (Dkt. 116) against Defendants U.S. Department of Health and Human Services ("HHS"); Robert F. Kennedy, Jr., in his official capacity as Secretary of HHS; the Health Resources and Services Administration ("HRSA"); Diana Espinosa, in her official capacity as Principal Deputy Administrator of HRSA; the National Institutes of Health ("NIH"); Matthew J. Memoli, in his official capacity as Acting NIH Director; the National Science Foundation ("NSF"); Sethuraman Panchanathan, in his official capacity as Director of NSF; any subagencies of Defendant HHS, their officers, agents, successors, servants,

employees, and attorneys, and any other persons who are in active concert or participation with them.

The injunction prohibits Defendants "from conditioning, withholding, or terminating federal funding under Section 3(g) of Executive Order 14,168 and Section 4 of Executive Order 14,187, based on the fact that a healthcare entity or health professional provides gender-affirming medical care to a patient under the age of nineteen" and from "tak[ing] any steps to implement, give effect to, or reinstate under a different name the directives in Section 3(g) of Executive Order 14,168 or Section 4 of Executive Order 14,187 that condition or withhold federal funding based on the fact that a healthcare entity or health professional provides gender-affirming medical care to a patient under the age of nineteen." Dkt. 116 at 1-2 (emphasis added).

As Plaintiffs discuss in greater detail in their Memorandum in Support of Plaintiffs' Emergency Motion to Enforce the Preliminary Injunction, Defendants violated this preliminary injunction by issuing notices to covered entities and federal funding recipients, renewing previous threats to withhold federal funds. On March 5, 2025, the Centers for Medicare and Medicaid Services ("CMS"), a subagency of HHS covered by the Court's preliminary injunction, issued a so-called Quality and Safety Special Alert Memo ("QSSAM") with the subject "Protecting Children from Chemical and Surgical Mutilation"—the very same title of the Denial of Care Order. Block Decl. Ex. A. The QSSAM purports to warn covered entities of the alleged dangers of gender affirming medical care for minors and threatens that "CMS may begin taking steps to appropriately update its policies to protect children from chemical and surgical mutilation." *Id.* The next day, two other subagencies of HHS covered by the preliminary injunction, the Health Resources and Services Administration ("HRSA") and the Substance Abuse and Mental Health Services Administration ("SAMHSA"), issued notices to all their federal funding recipients stating—with

2

identical language—that each agency will also "review its policies, grants, and programs in light of the concerns discussed in the QSSAM and may begin taking steps in the future to appropriately update its policies to protect children from chemical and surgical mutilation" and "may also consider re-scoping, delaying, or potentially cancelling new grants in the future depending on the nature of the work and any future policy change(s)." Block Decl. Exs. B & C. The HRSA notice also specifically identifies HRSA's Children's Hospitals Graduate Medical Education ("CHGME") Payment Program as a source of grant funding that HRSA might withhold from children's hospitals providing gender affirming medical care. *See id.* Ex. B.

Plaintiffs respectfully request that the Court enforce its preliminary injunction and (1) direct Defendants and any subagencies, including CMS, HRSA, and SAMHSA, to immediately rescind the notices at issue and any other similar notices, to post notice of these rescissions on their websites, and to provide all recipients of the rescission notices with a copy of the Court's enforcement order, the Court's preliminary injunction, and the Court's March 4, 2025 memorandum opinion; (2) direct Defendants to file with the Court signed confirmation from the leader of each Defendant agency (including all subagencies of HHS) that they have personally received a copy of the enforcement order and have read it; and (3) grant any such further relief the Court deems necessary and proper to fully effectuate the preliminary injunction in this matter.

Plaintiffs further request that the Court expedite consideration of this motion by ordering Defendants to file a response by Monday, March 10, 2025, and by ordering the heads of the issuing agencies, or their designated representatives, to appear at a hearing on the motion next week. The Court should also direct Defendants' counsel to provide the Court, in their response to this motion, a complete list of (a) all agencies or subagencies that have issued similar notices and (b) all

recipients of the notices, along with copies of those notices, so that the Court may direct any additional remedial action that is necessary.

The grounds for this motion are set forth in the attached memorandum of law and accompanying exhibits.

Dated:  March 7, 2025

Joshua Block*
Harper Seldin*
Chase Strangio*
Alexandra R. Johnson*
**American Civil Liberties Union
  Foundation**
125 Broad Street, Floor 18
New York, NY 10004
Telephone: (212) 549-2500
Facsimile:  (212) 549-2650
jblock@aclu.org
hseldin@aclu.org
cstrangio@aclu.org
a.johnson@aclu.org

Deborah A. Jeon (Fed. Bar No. 06905)
Zoe M. Ginsberg  (Fed. Bar No. 30727)
**American Civil Liberties Union
  Foundation of Maryland**
3600 Clipper Mill Road, Suite 200
Baltimore, MD 21211
Telephone: (410) 889-8555
Facsimile:  (410) 366-7838
jeon@aclu-md.org
zginsberg@aclu-md.org

Catherine E. Stetson**
Danielle Desaulniers Stempel (Fed. Bar No. 20501, Renewed 1/31/25)
Sam H. Zwingli*
**Hogan Lovells US LLP**
555 13th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5491
Facsimile:  (202) 637-5910
cate.stetson@hoganlovells.com

Respectfully submitted,

*/s/ Omar Gonzalez-Pagan*

Omar Gonzalez-Pagan*
Jennifer C. Pizer*
**Lambda Legal Defense
  and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY 10005
Telephone: (212) 809-8585
Facsimile:  (855) 535-2236
ogonzalez-pagan@lambdalegal.org
jpizer@lambdalegal.org


Karen L. Loewy*
**Lambda Legal Defense
  and Education Fund, Inc.**
815 16th Street NW, Suite 4140
Washington, DC 20006
Telephone: (202) 804-6245
Facsimile:  (855) 535-2236
kloewy@lambdalegal.org

Nora Huppert*
**Lambda Legal Defense
  and Education Fund, Inc.**
65 E. Wacker Place, Suite 2000
Chicago, IL 60601
Telephone: (312) 605-3233
Facsimile:  (855) 535-2236
nhuppert@lambdalegal.org

Jackson Skeen***
**Hogan Lovells US LLP**
125 High Street
Suite 2010

4

danielle.stempel@hoganlovells.com
sam.zwingli@hoganlovells.com

Boston, MA 02110
Telephone: (617) 702-7747
Facsimile:  (617) 371-1037
jackson.skeen@hoganlovells.com

*Attorneys for Plaintiffs*

*\*Application for admission pro hac vice granted.*
*\*\*Application for admission forthcoming.*
*\*\*\*Application for admission pro hac vice granted and admitted only in D.C. Supervised by principals of the firm admitted in Massachusetts.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed using the Court's CM/ECF system.  Service was effected by and through the Court's CM/ECF system.

Dated: March 7, 2025                                      */s/ Omar Gonzalez-Pagan*
                                                                          Omar Gonzalez-Pagan