IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PFLAG, INC., *et al.*,

          *Plaintiffs*,

    v.

DONALD J. TRUMP, in his official
capacity as President of the United States,
*et al.*,

          *Defendants*.

Civil Action No. 8:25-cv-337-BAH

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants hereby submit this Notice of Supplemental Authority relating to Defendants' pending Motion to Stay Injunction Pending Appeal, ECF No. 151. The motion asked this Court to stay the Court's March 4, 2025 Order, ECF No. 116, which preliminarily enjoins Defendants on a nationwide basis "from conditioning, withholding, or terminating federal funding under Section 3(g) of Executive Order No. 14,168 [*Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government*, 90 Fed. Reg. 8615 (Jan. 30, 2025)] and Section 4 of Executive Order No. 14,187 [*Protecting Children from Chemical and Surgical Mutilation*, 90 Fed. Reg. 8771 (Feb. 3, 2025)], based on the fact that a healthcare entity or health professional provides gender-affirming medical care to a patient under the age of nineteen." Order at 1-2, ECF No. 116.

We write to advise the Court of further precedent from the Fourth Circuit that supports the government's request for a stay. In addition, we note that the stay motion has been fully briefed since August 28, 2025, without a ruling from this Court. We thus also advise the Court that defendants intend to seek a stay pending appeal from the Fourth Circuit on April 3, 2026, in the

absence of a stay from this Court, and respectfully request that the Court rule on the pending motion by the end of day on April 2.

Our stay motion explained that the government is likely to succeed on the merits of plaintiffs' facial, *ultra vires* claim—which plaintiffs style as a "separation of powers" claim. ECF 151-1 at 2-4. The Fourth Circuit has recently underscored these points in holding that generalized claims that the Executive Branch has intruded on Congress's spending power by terminating or conditioning funding are in fact *statutory* claims subject to the limits on ultra vires review, *Sustainability Inst. v. Trump*, 165 F.4th 817, 830-32 (4th Cir. 2026), and that ultra vires review would require showing that a particular action was expressly barred by a statute, *Solutions in Hometown Connections v. Noem*, 165 F.4th 835, 844 (4th Cir. 2026). The Fourth Circuit has also reversed a preliminary injunction issued in a facial challenge to another grant-related Executive Order, emphasizing that the Executive Order there directed agencies to act "to the maximum extent allowed by law" and that claims that particular grants were improperly terminated could be litigated through suits over those particular grants. *National Ass'n of Diversity Officers in Higher Educ. v. Trump*, 167 F.4th 86, 101-02 (4th Cir. 2026).

Intervening Fourth Circuit precedent further demonstrates that the Executive Orders here are subject to rational basis review. Applying the Supreme Court's decision in *United States v. Skrmetti*, 605 U.S. 495 (2025), discussed in our stay motion, *see* ECF 151-1 at 5-7, the Fourth Circuit in *Anderson v. Crouch*, 2026 WL 667919, --- F.4th --- (4th Cir. Mar. 10, 2026), held that a regulation based on medical diagnosis or treatment "does not turn on … sex or transgender status," and thus does not trigger heightened scrutiny under the Equal Protection Clause. *Id.* at *5. Furthermore, *Crouch* held that *Skrmetti*'s reasoning—that laws regulating gender dysphoria

treatment are not based on sex or transgender status—also forecloses statutory antidiscrimination claims.  *Id.* at *10-11.

Dated: March 30, 2026

BRETT A. SHUMATE
Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director

*/s/ Robert C. Bombard*
ROBERT C. BOMBARD
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Tel.: (202) 598-9809
robert.bombard2@usdoj.gov

*Counsel for Defendants*