**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| PFLAG, INC., et al.,<br>　　　*Plaintiffs*,<br><br>　　　　　　　v.<br><br>DONALD J. TRUMP, in his official capacity<br>as President of the United States, et al.,<br>　　　*Defendants*. | Civil Action No. 8:25-cv-00337-BAH |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

When this Court issued a preliminary injunction on March 4, 2025, it found that Plaintiffs had established a "strong likelihood that they will succeed on the merits of all three [of their] claims." ECF 115 at 1. Five months later, Defendants filed a motion to stay the preliminary injunction pending appeal. ECF 151. Plaintiffs already have explained why none of the cases cited in that motion disturbs Plaintiffs' continued likelihood of success. ECF 155. Defendants' new Notice of Supplemental Authority fares no better. ECF 164. None of the cases cited demonstrate that Defendants are likely to succeed on the merits of their stay motion or provide a basis for staying the preliminary injunction and disrupting the status quo that has been in place for over a year.

*First*, the recent panel decision in *Anderson v. Crouch*, No. 22-1927, 2026 WL 667919 (4th Cir. Mar. 10, 2026), does not establish that Plaintiffs are no longer likely to succeed on the merits of their claims under Section 1557 of the Affordable Care Act and Section 1908 of the Public Health Service Act. As Plaintiffs have explained, statutory sex discrimination claims are evaluated under different standards than the equal protection claims at issue in *United States v. Skrmetti*, 605 U.S. 495 (2025). *See* Pls.' Stay Opp. at 16-20. The *Anderson* panel's contrary conclusion is

1

currently the subject of an *en banc* petition pending in the Fourth Circuit. *See Anderson v. Crouch*, No. 22-1927, ECF 169 (4th Cir. Mar. 25, 2026) (calling for response to the en banc petition). Until the Fourth Circuit rules on that petition, there is no basis for this Court to disturb its previous conclusion.[1]

What's more, the panel in *Anderson* did not analyze whether the policy at issue was pretextual with regard to any claim. Here, as previously explained however, the executive orders are pretext for invidious discrimination against transgender people, such that Plaintiffs' are likely to succeed on the merits of their claims under Section 1557 of the Affordable Care Act and Section 1908 of the Public Health Service Act, even if *Skrmetti*'s reasoning applies to such claims. *See* Pls.' Stay Opp. at 11-15; *see also* ECF 115 at 48 ("The Court cannot fathom discrimination more direct than the plain pronouncement of a policy resting on the premise that the group to which the policy is directed does not exist."); *San Francisco A.I.D.S. Found. v. Trump*, 786 F. Supp. 3d 1184, 1216 (N.D. Cal. 2025) ("Here, the Gender Order's stated purpose is to deny the existence of transgender persons entirely.").

Indeed, the Fourth Circuit has already rebuffed Defendants' premature claims of victory. The Fourth Circuit *sua sponte* placed Defendants' appeal in abeyance pending the outcome in *Anderson*. *See* 4th Cir. ECF 111. Shortly after the panel issued its decision in *Anderson*, Defendants asked the Fourth Circuit to immediately resume briefing and schedule oral argument for the Fourth Circuit's next sitting. *See* 4th Cir. ECF 116. Plaintiffs opposed the request, noting an *en banc* petition was forthcoming. *See* 4th Cir. ECF 119. The Fourth Circuit promptly rejected Defendants' motion. *See* 4th Cir. ECF 120. This Court should do the same.

---

[1] The Fourth Circuit has previously granted *en banc* review in *Anderson*, and it may well do so again.

*Second*, none of the Defendants' other cases undermines Plaintiffs' likelihood of success on their <u>constitutional</u> *ultra vires* claim. *See* Defs,' Notice at 2 (citing *Solutions in Hometown Connections v. Noem*, 165 F.4th 835, 844 (4th Cir. 2026); *Sustainability Inst. v. Trump*, 165 F.4th 817, 830-32 (4th Cir. 2026)).[2]  In each of those cases, the plaintiffs were grant recipients who argued the termination of funding conflicted with specific grant statutes and sought injunctions requiring the government to restore their funding.  Plaintiffs' claims were treated as <u>statutory</u> *ultra vires* claims because the plaintiffs' injuries and their requested relief were predicated on their right to funding under particular grant statutes. *See Solutions*, 165 F.4th at 844; *Sustainability Inst. v. Trump*, 165 F.4th at 831.

Plaintiffs' claims in <u>this</u> case are dramatically different. PFLAG and the Individual Plaintiffs are not grant recipients and are not challenging grant terminations. Unlike the plaintiffs in *Solutions* and *Sustainability Institute*, the Plaintiffs here are enforcing the Constitution's separation of powers, which do not authorize the President to place conditions on federal funds; they are not claiming a statutory right to receive grant funding pursuant to particular federal funding statutes. And unlike the preliminary injunctions issued in those cases, this Court's preliminary injunction here merely prevents Defendants from imposing that *ultra vires* condition; it does not order Defendants to implement or reinstate particular grants.

The Plaintiffs here are harmed not by any termination of a particular grant, but by President Trump's *ultra vires* decision to condition continued funding on medical institutions' agreement to stop providing gender-affirming medical care.  As this Court previously recognized, "the *threat* of

---

[2] Defendants also point to the *National Association of Diversity Officers in Higher, Education v. Trump*, 167 F.4th 86, 101-02 (4th Cir. 2026), which essentially reaffirmed the analysis of a decision staying the preliminary injunction in that case. Plaintiffs have already explained why *National Association of Diversity Officers* is inapposite here. *See* Pls.' Stay Opp. at 2-3. *National Association of Diversity Officers* did not involve claims like those at issue here.

withholding federal funding, regardless of which funding or how much funding, was enough to compel the medical institutions to take immediate action" and stop providing care to the Individual Plaintiffs without any funding actually being revoked.  ECF 115 at 15.  Grant recipients are harmed when grants are terminated; Plaintiffs are harmed when medical institutions capitulate to President Trump's unlawful demands. For all these reasons, and for the reasons set forth in Plaintiffs' filing in opposition to Defendants' motion (ECF 155), Defendants' motion for a stay pending appeal should be denied.

Dated: March 31, 2026

Respectfully submitted,

*/s/ Omar Gonzalez-Pagan*

Joshua Block*
Harper Seldin*
Chase Strangio*
Alexandra R. Johnson*
**American Civil Liberties Union**
  **Foundation**
125 Broad Street, Floor 18
New York, NY 10004
Telephone: (212) 549-2500
Facsimile: (212) 549-2650
jblock@aclu.org
hseldin@aclu.org
cstrangio@aclu.org
a.johnson@aclu.org

Deborah A. Jeon (Fed. Bar No. 06905)
**American Civil Liberties Union**
  **Foundation of Maryland**
3600 Clipper Mill Road, Suite 200
Baltimore, MD 21211
Telephone: (410) 889-8555
Facsimile: (410) 366-7838
jeon@aclu-md.org
zginsberg@aclu-md.org

Catherine E. Stetson (Fed. Bar No. 31517)
Danielle Desaulniers Stempel (Fed. Bar No. 20501)
Sam H. Zwingli*
**Hogan Lovells US LLP**

Omar Gonzalez-Pagan (Fed. Bar. No. 31739)
Jennifer C. Pizer*
**Lambda Legal Defense**
  **and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY 10005
Telephone: (212) 809-8585
Facsimile: (855) 535-2236
ogonzalez-pagan@lambdalegal.org
jpizer@lambdalegal.org

Karen L. Loewy*
**Lambda Legal Defense**
  **and Education Fund, Inc.**
815 16th Street NW, Suite 4140
Washington, DC 20006
Telephone: (202) 804-6245
Facsimile: (855) 535-2236
kloewy@lambdalegal.org

Nora Huppert*
**Lambda Legal Defense**
  **and Education Fund, Inc.**
3656 N. Halsted Street
Chicago, IL 60613
Telephone: (312) 605-3233
Facsimile: (855) 535-2236
nhuppert@lambdalegal.org

555 13th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5491
Facsimile: (202) 637-5910
cate.stetson@hoganlovells.com
danielle.stempel@hoganlovells.com
sam.zwingli@hoganlovells.com

\* Admitted *pro hac vice.*

Jackson B. Skeen\*
**Hogan Lovells US LLP**
125 High Street
Suite 2010
Boston, MA 02110
Telephone: (617) 702-7747
Facsimile: (617) 371-1037
jackson.skeen@hoganlovells.com

***Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed using the Court's CM/ECF system. Service was effected by and through the Court's CM/ECF system.

Dated: March 31, 2026                                        */s/ Omar Gonzalez-Pagan*
                                                             Omar Gonzalez-Pagan