## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

PFLAG, INC., ET AL.,

     Plaintiffs,

v.

                                    Civil No. 25-337-BAH

DONALD J. TRUMP ET AL.,

     Defendants.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## ORDER

On March 4, 2025, this Court issued a preliminary injunction enjoining all Defendants, except President Trump,[1] from implementing Section 3(g) of Executive Order 14,168 and Section 4 of Executive Order 14,187 by "conditioning, withholding, or terminating federal funding" for any healthcare entity or medical provider based on the entity or provider's provision of "gender-affirming care for patients under nineteen." ECF 116 (preliminary injunction order), at 1–2; ECF 115 (memorandum opinion). The preliminary injunction is currently on appeal at the United States Court of Appeals for the Fourth Circuit. *See* ECF 132 (notice of interlocutory appeal)

On July 28, 2025, Defendants moved to stay the injunction pending appeal, ECF 151, arguing primarily that Plaintiffs are not likely to succeed on the merits of their claims, citing primarily *Trump v. Am. Fed'n of Gov't Emps.*, 606 U.S. ___, 145 S. Ct. 2635 (2025) (*AFGE*), *United States v. Skrmetti*, 605 U.S. 495 (2025), and *Trump v. CASA, Inc.*, 606 U.S. 831 (2025).

---

[1] For convenience, the Court refers to the parties subject to the preliminary injunction as "Defendants."

*See* ECF 151-1, at 2–3.[2]  Defendants also argue that they are irreparably harmed by the injunction. *Id.* at 11–12.  Plaintiffs oppose the stay request, ECF 155, and Defendants filed a reply, ECF 156. On March 30, 2026, Defendants filed a notice of supplemental authority, directing the Court's attention to *Sustainability Institute v. Trump*, 165 F.4th 817, 830–32 (4th Cir. 2026), *Solutions in Hometown Connections v. Noem*, 165 F.4th 835, 844 (4th Cir. 2026), *National Association of Diversity Officers in Higher Education v. Trump*, 167 F.4th 86, 101–02 (4th Cir. 2026), and *Anderson v. Crouch*, 2026 WL 667919, --- F.4th --- (4th Cir. Mar. 10, 2026).  *See* ECF 164. Plaintiffs filed a response to that supplemental authority.  ECF 165.

"The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (citations omitted). The Court considers four factors: (1) "whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits" of the appeal; (2) "whether the applicant will be irreparably injured absent a stay"; (3) "whether issuance of the stay will substantially injure the other parties interested in the proceeding"; and (4) "where the public interest lies."  *Id.* at 434.  When a government entity is a party to the case, the third and fourth factors merge, *id.* at 435, but the first two factors are the "most critical," *id.* at 434.

The Court previously denied Defendants' request for a stay pending appeal as procedurally improper because they did not seek such relief in a motion as required by the Federal Rules.  *See* ECF 115, at 65–66.  Besides the procedural issue, the Court also denied the initial stay request "[e]ven if the request were procedurally proper" for the same reasons it granted the preliminary injunction in Plaintiffs' favor.  *See id.*  Five months later, while proceedings in this Court remained stayed pending review of the preliminary injunction in the Fourth Circuit, Defendants filed the

---

[2] The Court cites to the ECF-generated page numbers at the top of the page.

2

instant motion. ECF 151. Thus, Defendants' motion essentially seeks reconsideration of a determination currently under consideration by the appellate court. *See Washington v. Trump*, Civ. No. 25-244-LK (W. D. Wash. Nov. 10, 2025), ECF 297 (order denying motion to stay preliminary injunction and noting that the motion was effectively a procedurally improper motion to reconsider), at 4–6. Further, their delay in seeking a stay belies Defendants' claim of irreparable harm. *See id.* at 7–8.[3] As Plaintiffs point out, Defendants waited five months after the Court issued the preliminary injunction to seek this stay and have not "point[ed] to any harm they have suffered" since then. *See* ECF 155, at 6–8.

Nor is the Court convinced that Defendants have made the requisite strong showing of likelihood of success on the merits of all the claims at issue in the preliminary injunction. First, the decisions staying preliminary injunctions by the Supreme Court in *AFGE* and by the Fourth Circuit in *National Association of Diversity Officers in Higher Education v. Trump*, *see* Order, No. 25-1189 (4th Cir. Mar. 14, 2025), ECF 29, do not contain analysis of the *Nken* factors to guide the Court to conclude that a stay of the preliminary injunction is warranted. Defendants' argument that *Sustainability Institute* and *Solutions in Hometown Connections* preclude all of Plaintiffs' *ultra vires* claims because "generalized claims that the Executive Branch has intruded on Congress's spending power by terminating or conditioning funding are in fact *statutory* claims subject to the limits on ultra vires review[,]" including a "showing that a particular action was expressly barred by a statute," ECF 164, at 2, does not persuade. Those cases concerned direct challenges to grant terminations by grant recipients and are not on all fours with the case at bar,

---

[3] Further underscoring this point is the fact that Defendants have not sought a stay from the Fourth Circuit despite this Court's initial denial of the stay request. Nor, apparently, has the Government sought a stay of the preliminary injunction issued in *Washington v. Trump* from the Ninth Circuit. *See Washington v. Trump*, No. 25-1922 (9th Cir.). The Government's dilatory actions in this case and an analogous one do not paint the picture of a party irreparably harmed.

3

where Plaintiffs' impacted rights do not stem from a contract. Defendants also argue that *National Association of Diversity Officers in Higher Education* compels a stay because the Fourth Circuit "emphasiz[ed] that the Executive Order there directed agencies to act 'to the maximum extent allowed by law' and that claims that particular grants were improperly terminated could be litigated through suits over those particular grants." ECF 164, at 2. The Court has already explained why the challenged provisions of the Executive Orders are more than just "'an outward-facing' policy directive from the President to his agents," *Nat'l Ass'n of Diversity Officers in Higher Educ.*, 167 F.4th at 101, and is not persuaded that its conclusion is no longer tenable. *See* ECF 115, at 37–38.

Next, Defendants argue that under *Skrmetti*, the Executive Orders do not discriminate based on sex or transgender status and therefore survive rational basis review. ECF 151-1, at 6–8. Plaintiffs contend that heightened scrutiny still applies to these Executive Orders after *Skrmetti*, as the Executive Orders at issue in this case facially classify based on transgender status, and "*Skrmetti* did not decide what standard of scrutiny applies to discrimination against transgender people." ECF 155, at 14. Defendants point to the recent decision of *Anderson v. Crouch* for the proposition that "a regulation based on medical diagnosis or treatment 'does not turn on . . . sex or transgender status,' and thus does not trigger heightened scrutiny under the Equal Protection Clause." ECF 164, at 2 (quoting *Anderson*, 2026 WL 667919, at *5). And further, Defendants contend that *Anderson* forecloses any statutory discrimination claim. *See id.* at 2–3. While Defendants make a cursory argument that the Executive Orders survive rational basis review under *Skrmetti* in the motion to stay, *see* ECF 151-1, at 6–8, the parties have not fully briefed the question,

4

and the Court declines to grant a stay on that basis at this late juncture, especially where a petition

for rehearing en banc remains pending in *Anderson*.[4]

Finally, Defendants argue that the preliminary injunction is overbroad because it extends

beyond the parties to the case and is impermissible after *CASA*. *See id.* at 8–11. It bears noting

that Defendants have not moved to modify the preliminary injunction on this basis. In *CASA*, the

Supreme Court cautioned that in determining the scope of an injunction, "the question is not

whether an injunction offers complete relief to *everyone* potentially affected by an allegedly

unlawful act; it is whether an injunction will offer complete relief *to the plaintiffs before the court*."

606 U.S. at 852 (emphasis in original) (citing *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979)).

Indeed, this inquiry guided the Court in issuing the preliminary injunction. *See* ECF 115, at 61

("[I]njunctive relief should be no more burdensome to the defendant than necessary to provide

complete relief to the plaintiffs." (quoting *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753,

765 (1994)) (citing *Califano*, 442 U.S. at 702)); *id.* at 64 ("If the Court were to limit the injunction

to the named Plaintiffs alone, as Defendants suggest, that would seemingly give rise to a

convoluted scenario where healthcare providers could simultaneously retain federal funding as to

the named Plaintiffs and the organizations' members but still lose it as to similarly situated third

parties if the medical institutions continue to provide gender-affirming care to those third parties.

Defendants appear to entirely ignore the realities regarding how difficult it would be for medical

institutions to navigate that situation."); *id.* ("In short, a more limited injunction would allow the

coercive impact of the challenged portions of the Executive Orders to persist and would effectively

deny the named Plaintiffs the relief they seek."); *id.* at 65 ("Accordingly, the Court determines that

---

[4] Further, as Plaintiffs point out, "the panel in *Anderson* did not analyze whether the policy at issue was pretextual with regard to any claim." ECF 165, at 2.

a nationwide injunction is required in order to 'provide complete relief to the [P]laintiffs' and is, as such, 'no more burdensome to the [D]efendant[s] than necessary.'" (quoting *Roe v. Dep't of Def.*, 947 F.3d 207, 231 (4th Cir. 2020) and *Madsen*, 512 U.S. at 765)). The Court declines to stay the preliminary injunction pending appeal on this basis.

Because Defendants have not met their burden of demonstrating irreparable harm or making a strong showing of likelihood of success on the merits (on *all* the claims in the preliminary injunction), it is, by the United States District Court for the District of Maryland, hereby **ORDERED** that Defendants' motion to stay the injunction pending appeal, ECF 151, is **DENIED**.

Dated: <u>April 1, 2026</u>

/s/

Brendan A. Hurson
United States District Judge
